# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

SUZANNE DAKESSIAN,            :
    Plaintiff,            :
                   :

        v.            :        **Case No. 17-01151 GMS**
                   :

WILLIAM SCHELL, IV, DOMINICK            :        **JURY TRIAL**
DAFFNER, WORLD CHAMPIONSHIP            :        **DEMANDED**
PUNKIN' CHUNKIN' INC., PUNKIN'            :
CHUNKIN ASSOCIATION, FRANK PEYTON :
FRANK SHADE, TERRY BEWSTER, DAVID            :
QUIGLEY, McCULLEY, EASTHAM &            :
ASSOCIATES, INC. WHEATLEY            :
FARMS, INC., E. DALE WHEATLEY            :
JEFFREY T. WHEATLEY,            :
DISCOVERY COMMUNICATIONS, INC,            :
STATE OF DELAWARE and STATE OF            :
DELAWARE DEPARTMENT OF NATURAL            :
RESOURCES AND ENVIRONMENTAL            :
CONTROL,            :
    Defendants.

## ANSWER AND NEW MATTER OF DEFENDANT VIVIAN LEVERING

Defendant, McCulley Eastham & Associates, Inc. ("MCA"), by and through its attorneys,

Salmon, Ricchezza, Singer & Turchi, LLP, hereby responds to Plaintiff's Complaint as follows:

    1.    The Complaint is a writing, the contents of which speak for themselves.  It is

denied that plaintiff is entitled to any relief from Answering Defendant on any of the claims

alleged.

    2.    Admitted on information and belief.

    3.    Admitted on information and belief that Ms. Dakessian attended the 2016 World

Championship Punkin' Chunkin' competition in Bridgeville, Delaware as a member of the media

documenting the event for a television-media production company.  As to the extent of her

injury, after reasonable investigation, Answering Defendant is unable to form a belief as to the truth of these allegations.

4. After reasonable investigation, Answering Defendant is unable to form a belief as to the truth of these allegations.

5. After reasonable investigation, Answering Defendant is unable to form a belief as to the truth of these allegations.

6. After reasonable investigation, Answering Defendant is unable to form a belief as to the truth of these allegations.

7. After reasonable investigation, Answering Defendant is unable to form a belief as to the truth of these allegations.

8. After reasonable investigation, Answering Defendant is unable to form a belief as to the truth of these allegations.

9. After reasonable investigation, Answering Defendant is unable to form a belief as to the truth of these allegations.

10. After reasonable investigation, Answering Defendant is unable to form a belief as to the truth of these allegations.

11. After reasonable investigation, Answering Defendant is unable to form a belief as to the truth of these allegations.

12. After reasonable investigation, Answering Defendant is unable to form a belief as to the truth of these allegations.

13. Admitted on information and belief.

14. After reasonable investigation, Answering Defendant is unable to form a belief as to the truth of these allegations.

15.     After reasonable investigation, Answering Defendant is unable to form a belief as to the truth of these allegations.

16.     After reasonable investigation, Answering Defendant is unable to form a belief as to the truth of these allegations.

17.     After reasonable investigation, Answering Defendant is unable to form a belief as to the truth of these allegations.

18.     Admitted on information and belief.

19.     After reasonable investigation, Answering Defendant is unable to form a belief as to the truth of these allegations.

20.     After reasonable investigation, Answering Defendant is unable to form a belief as to the truth of these allegations.

21.     After reasonable investigation, Answering Defendant is unable to form a belief as to the truth of these allegations.

22.     After reasonable investigation, Answering Defendant is unable to form a belief as to the truth of these allegations.

23.     After reasonable investigation, Answering Defendant is unable to form a belief as to the truth of these allegations.

24.     After reasonable investigation, Answering Defendant is unable to form a belief as to the truth of these allegations.

25.     After reasonable investigation, Answering Defendant is unable to form a belief as to the truth of these allegations.

26.     After reasonable investigation, Answering Defendant is unable to form a belief as to the truth of these allegations.

27.     After reasonable investigation, Answering Defendant is unable to form a belief as to the truth of these allegations.

28.     After reasonable investigation, Answering Defendant is unable to form a belief as to the truth of these allegations.

29.     After reasonable investigation, Answering Defendant is unable to form a belief as to the truth of these allegations.

30.     After reasonable investigation, Answering Defendant is unable to form a belief as to the truth of these allegations.

31.     After reasonable investigation, Answering Defendant is unable to form a belief as to the truth of these allegations.

32.     Admitted.

33.     Denied.

34.     Denied.

35.     The allegations of this paragraph are conclusions of law to which no response is necessary. To the extent that this paragraph is deemed to contain factual averments to which a response is required, the same are denied. It is specifically denied that MCA transacts business in Delaware.

36.     Admitted.

37.     After reasonable investigation, Answering Defendant is unable to form a belief as to the truth of these allegations.

38.     After reasonable investigation, Answering Defendant is unable to form a belief as to the truth of these allegations.

39.    After reasonable investigation, Answering Defendant is unable to form a belief as to the truth of these allegations.

40.    Admitted on information and belief.

41.    After reasonable investigation, Answering Defendant is unable to form a belief as to the truth of these allegations.

42.    After reasonable investigation, Answering Defendant is unable to form a belief as to the truth of these allegations.

43.    After reasonable investigation, Answering Defendant is unable to form a belief as to the truth of these allegations.

44.    After reasonable investigation, Answering Defendant is unable to form a belief as to the truth of these allegations.

45.    After reasonable investigation, Answering Defendant is unable to form a belief as to the truth of these allegations.

46.    After reasonable investigation, Answering Defendant is unable to form a belief as to the truth of these allegations.

47.    After reasonable investigation, Answering Defendant is unable to form a belief as to the truth of these allegations.

48.    After reasonable investigation, Answering Defendant is unable to form a belief as to the truth of these allegations.

49.    After reasonable investigation, Answering Defendant is unable to form a belief as to the truth of these allegations.

50.    After reasonable investigation, Answering Defendant is unable to form a belief as to the truth of these allegations.

51.     After reasonable investigation, Answering Defendant is unable to form a belief as to the truth of these allegations.

52.     After reasonable investigation, Answering Defendant is unable to form a belief as to the truth of these allegations.

53.     Admitted on information and belief.

54.     After reasonable investigation, Answering Defendant is unable to form a belief as to the truth of these allegations.

55.     Admitted that the State of Delaware is a state within the United States of America.

56.     After reasonable investigation, Answering Defendant is unable to form a belief as to the truth of these allegations.

57.     After reasonable investigation, Answering Defendant is unable to form a belief as to the truth of these allegations.

58.     After reasonable investigation, Answering Defendant is unable to form a belief as to the truth of these allegations.

59.     After reasonable investigation, Answering Defendant is unable to form a belief as to the truth of these allegations.

60.     After reasonable investigation, Answering Defendant is unable to form a belief as to the truth of these allegations.

## JURISDICTION AND VENUE

61.     The allegations of this paragraph are conclusions of law to which no response is necessary. To the extent that this paragraph is deemed to contain factual averments to which a response is required, the same are denied.

{00302083.DOCX}

62.     The allegations of this paragraph are conclusions of law to which no response is necessary. It is admitted that venue would be proper in this District if jurisdiction is established. To the extent that this paragraph is deemed to contain other factual averments to which a response is required, the same are denied.

63.     The allegations of this paragraph are conclusions of law to which no response is necessary. It is admitted that jurisdiction over MEA is proper in this action only. To the extent that this paragraph is deemed to contain other factual averments to which a response is required, the same are denied.

64.     The allegations of this paragraph are conclusions of law to which no response is necessary. It is admitted that jurisdiction over MEA is proper in this action only. To the extent that this paragraph is deemed to contain other factual averments to which a response is required, the same are denied.

65.     The allegations of this paragraph are conclusions of law to which no response is necessary. It is admitted that jurisdiction over MEA is proper in this action only. To the extent that this paragraph is deemed to contain other factual averments to which a response is required, the same are denied.

66.     Denied as to MEA. After reasonable investigation, Answering Defendant is unable to form a belief as to the truth of these allegations as to the other defendants.

67.     Denied as to MEA. It is admitted that jurisdiction over MEA is proper in this action only. After reasonable investigation, Answering Defendant is unable to form a belief as to the truth of these allegations as to the other defendants.

68.     Denied as to MEA.  It is admitted that jurisdiction over MEA is proper in this action only.  After reasonable investigation, Answering Defendant is unable to form a belief as to the truth of these allegations as to the other defendants.

69.     The allegations of this paragraph are conclusions of law to which no response is necessary.  To the extent that this paragraph is deemed to contain factual averments to which a response is required, the same are denied.

70.     Denied as to MEA.  It is admitted that jurisdiction over MEA is proper in this action only.  After reasonable investigation, Answering Defendant is unable to form a belief as to the truth of these allegations as to the other defendants.

71.     The allegations of this paragraph are conclusions of law to which no response is necessary.  To the extent that this paragraph is deemed to contain factual averments to which a response is required, the same are denied.

## FACTUAL BACKGROUND

72.     Admitted on information and belief.

73.     After reasonable investigation, Answering Defendant is unable to form a belief as to the truth of these allegations.

74.     After reasonable investigation, Answering Defendant is unable to form a belief as to the truth of these allegations.

75.     It is admitted that MEA donated to the event.  After reasonable investigation, Answering Defendant is unable to form a belief as to the truth of the remainder of these allegations.

76.     After reasonable investigation, Answering Defendant is unable to form a belief as to the truth of these allegations.

{00302083.DOCX}

77.     Admitted on information and belief.

78.     After reasonable investigation, Answering Defendant is unable to form a belief as to the truth of these allegations.

79.     After reasonable investigation, Answering Defendant is unable to form a belief as to the truth of these allegations.

80.     After reasonable investigation, Answering Defendant is unable to form a belief as to the truth of these allegations.

81.     After reasonable investigation, Answering Defendant is unable to form a belief as to the truth of these allegations.

82.     After reasonable investigation, Answering Defendant is unable to form a belief as to the truth of these allegations.

83.     After reasonable investigation, Answering Defendant is unable to form a belief as to the truth of these allegations.

84.     Denied. It is specifically denied that MEA was a member of a security committee of WCPC or that it led a security committee of WCPC.

85.     After reasonable investigation, Answering Defendant is unable to form a belief as to the truth of these allegations.

86.     After reasonable investigation, Answering Defendant is unable to form a belief as to the truth of these allegations.

87.     Denied as stated. MEA does not have any "rules" and does not have an "event rulebook." After reasonable investigation, Answering Defendant is unable to form a belief as to the truth of these allegations.

88.     Denied as stated.  MEA does not have any "rules" and does not have an "event rulebook."  After reasonable investigation, Answering Defendant is unable to form a belief as to the truth of these allegations.

89.     After reasonable investigation, Answering Defendant is unable to form a belief as to the truth of these allegations.

90.     After reasonable investigation, Answering Defendant is unable to form a belief as to the truth of these allegations.

91.     After reasonable investigation, Answering Defendant is unable to form a belief as to the truth of these allegations.

92.     After reasonable investigation, Answering Defendant is unable to form a belief as to the truth of these allegations.

93.     Admitted on information and belief.

94.     After reasonable investigation, Answering Defendant is unable to form a belief as to the truth of these allegations.

95.     After reasonable investigation, Answering Defendant is unable to form a belief as to the truth of these allegations.

96.     After reasonable investigation, Answering Defendant is unable to form a belief as to the truth of these allegations.

97.     After reasonable investigation, Answering Defendant is unable to form a belief as to the truth of these allegations.

98.     After reasonable investigation, Answering Defendant is unable to form a belief as to the truth of these allegations.

99.    After reasonable investigation, Answering Defendant is unable to form a belief as to the truth of these allegations.

100.    After reasonable investigation, Answering Defendant is unable to form a belief as to the truth of these allegations.

101.    After reasonable investigation, Answering Defendant is unable to form a belief as to the truth of these allegations.

102.    After reasonable investigation, Answering Defendant is unable to form a belief as to the truth of these allegations.

103.    After reasonable investigation, Answering Defendant is unable to form a belief as to the truth of these allegations.

104.    After reasonable investigation, Answering Defendant is unable to form a belief as to the truth of these allegations.

105.    After reasonable investigation, Answering Defendant is unable to form a belief as to the truth of these allegations.

106.    After reasonable investigation, Answering Defendant is unable to form a belief as to the truth of these allegations.

## COUNT I
### (Negligence)
### Against Defendants William Schell and Dominic Daffner

107.    This paragraph does not contain any allegations to which a response is required.

108.    The allegations of this paragraph are not directed to Answering Defendant. To the extent that there are factual allegations to which Answering Defendant must respond, after reasonable investigation, Answering Defendant is unable to form a belief as to the truth of these allegations.

109.     The allegations of this paragraph are not directed to Answering Defendant.  To the extent that there are factual allegations to which Answering Defendant must respond, after reasonable investigation, Answering Defendant is unable to form a belief as to the truth of these allegations.

110.     The allegations of this paragraph are not directed to Answering Defendant.  To the extent that there are factual allegations to which Answering Defendant must respond, after reasonable investigation, Answering Defendant is unable to form a belief as to the truth of these allegations.

111.     The allegations of this paragraph are not directed to Answering Defendant.  To the extent that there are factual allegations to which Answering Defendant must respond, after reasonable investigation, Answering Defendant is unable to form a belief as to the truth of these allegations.

112.     The allegations of this paragraph are not directed to Answering Defendant.  To the extent that there are factual allegations to which Answering Defendant must respond, after reasonable investigation, Answering Defendant is unable to form a belief as to the truth of these allegations.

## COUNT II
### (Strict Liability for Ultrahazardous Activity)
**Against Defendants William Schell, Dominic Daffner, Wheatley Farms, Inc., E. Dale Wheatley, Jeffrey T. Wheatley, Punkin Chunkin Association, World Championship Punkin' Chunkin' Inc., rank Peyton, Frank Shade, Terry Brewster, David Quigley, McCulley Eastham and Associates, Inc. and Discovery Communications, Inc.**

113.     This paragraph does not contain any allegations to which a response is required.

114.     The allegations of this paragraph are conclusions of law to which no response is necessary.  To the extent that this paragraph is deemed to contain factual averments to which a response is required, the same are denied.

{00302083.DOCX}

115.   The allegations of this paragraph are conclusions of law to which no response is necessary.  To the extent that this paragraph is deemed to contain factual averments to which a response is required, the same are denied.

116.   The allegations of this paragraph are conclusions of law to which no response is necessary.  To the extent that this paragraph is deemed to contain factual averments to which a response is required, the same are denied.

**COUNT III**
**(Negligence Per Se)**
**Against Defendants William Schell and Dominic Daffner**

117.   This paragraph does not contain any allegations to which a response is required.

118.   The allegations of this paragraph are not directed to Answering Defendant.  To the extent that there are factual allegations to which Answering Defendant must respond, after reasonable investigation, Answering Defendant is unable to form a belief as to the truth of these allegations.

119.   The allegations of this paragraph are not directed to Answering Defendant.  To the extent that there are factual allegations to which Answering Defendant must respond, after reasonable investigation, Answering Defendant is unable to form a belief as to the truth of these allegations.

120.   The allegations of this paragraph are not directed to Answering Defendant.  To the extent that there are factual allegations to which Answering Defendant must respond, after reasonable investigation, Answering Defendant is unable to form a belief as to the truth of these allegations.

121.   The allegations of this paragraph are not directed to Answering Defendant.  To the extent that there are factual allegations to which Answering Defendant must respond, after

reasonable investigation, Answering Defendant is unable to form a belief as to the truth of these allegations.

122.     The allegations of this paragraph are not directed to Answering Defendant.  To the extent that there are factual allegations to which Answering Defendant must respond, after reasonable investigation, Answering Defendant is unable to form a belief as to the truth of these allegations.

**COUNT IV**
**(Negligence/Premises Liability)**
**Against Defendants Wheatley Farms, Inc., E. Dale Wheatley and Jeffrey T. Wheatley**

123.     This paragraph does not contain any allegations to which a response is required.

124.     The allegations of this paragraph are not directed to Answering Defendant.  To the extent that there are factual allegations to which Answering Defendant must respond, after reasonable investigation, Answering Defendant is unable to form a belief as to the truth of these allegations.

125.     The allegations of this paragraph are not directed to Answering Defendant.  To the extent that there are factual allegations to which Answering Defendant must respond, after reasonable investigation, Answering Defendant is unable to form a belief as to the truth of these allegations.

126.     The allegations of this paragraph are not directed to Answering Defendant.  To the extent that there are factual allegations to which Answering Defendant must respond, after reasonable investigation, Answering Defendant is unable to form a belief as to the truth of these allegations.

127.     The allegations of this paragraph are not directed to Answering Defendant.  To the extent that there are factual allegations to which Answering Defendant must respond, after

reasonable investigation, Answering Defendant is unable to form a belief as to the truth of these allegations.

128.    The allegations of this paragraph are not directed to Answering Defendant.  To the extent that there are factual allegations to which Answering Defendant must respond, after reasonable investigation, Answering Defendant is unable to form a belief as to the truth of these allegations.

129.    The allegations of this paragraph are not directed to Answering Defendant.  To the extent that there are factual allegations to which Answering Defendant must respond, after reasonable investigation, Answering Defendant is unable to form a belief as to the truth of these allegations.

130.    The allegations of this paragraph are not directed to Answering Defendant.  To the extent that there are factual allegations to which Answering Defendant must respond, after reasonable investigation, Answering Defendant is unable to form a belief as to the truth of these allegations.

131.    The allegations of this paragraph are not directed to Answering Defendant.  To the extent that there are factual allegations to which Answering Defendant must respond, after reasonable investigation, Answering Defendant is unable to form a belief as to the truth of these allegations.

132.    The allegations of this paragraph are not directed to Answering Defendant.  To the extent that there are factual allegations to which Answering Defendant must respond, after reasonable investigation, Answering Defendant is unable to form a belief as to the truth of these allegations.

133.    The allegations of this paragraph are not directed to Answering Defendant.  To the extent that there are factual allegations to which Answering Defendant must respond, after reasonable investigation, Answering Defendant is unable to form a belief as to the truth of these allegations.

134.    The allegations of this paragraph are not directed to Answering Defendant.  To the extent that there are factual allegations to which Answering Defendant must respond, after reasonable investigation, Answering Defendant is unable to form a belief as to the truth of these allegations.

135.    The allegations of this paragraph are not directed to Answering Defendant.  To the extent that there are factual allegations to which Answering Defendant must respond, after reasonable investigation, Answering Defendant is unable to form a belief as to the truth of these allegations.

136.    The allegations of this paragraph are not directed to Answering Defendant.  To the extent that there are factual allegations to which Answering Defendant must respond, after reasonable investigation, Answering Defendant is unable to form a belief as to the truth of these allegations.

137.    The allegations of this paragraph are not directed to Answering Defendant.  To the extent that there are factual allegations to which Answering Defendant must respond, after reasonable investigation, Answering Defendant is unable to form a belief as to the truth of these allegations.

138.    The allegations of this paragraph are not directed to Answering Defendant.  To the extent that there are factual allegations to which Answering Defendant must respond, after

reasonable investigation, Answering Defendant is unable to form a belief as to the truth of these allegations.

## COUNT V
### (Negligence)
**Against Defendants Punkin' Chunkin' Association, World Championship Punkin' Chunkin' Inc., Frank Peyton, Frank Shate, Terry Brewster, David Quigley and McCulley, Eastham and Associates, Inc.**

139.    This paragraph does not contain any allegations to which a response is required.

140.    The allegations of this paragraph are conclusions of law to which no response is necessary. To the extent that this paragraph is deemed to contain factual averments to which a response is required, the same are denied. It is specifically denied that MEA owed any duty to plaintiff.

141.    The allegations of this paragraph are conclusions of law to which no response is necessary. To the extent that this paragraph is deemed to contain factual averments to which a response is required, the same are denied. It is specifically denied that MEA owed any duty to plaintiff. Therefore, it is denied that any duty owed by MEA was breached.

142.    The allegations of this paragraph are conclusions of law to which no response is necessary. To the extent that this paragraph is deemed to contain factual averments to which a response is required, the same are denied. It is specifically denied that MEA owed any duty to plaintiff.

143.    The allegations of this paragraph are conclusions of law to which no response is necessary. To the extent that this paragraph is deemed to contain factual averments to which a response is required, the same are denied. It is specifically denied that MEA acted in any willful, wanton manner or with any disregard for the health and safety of invitees to their premises.

144.    The allegations of this paragraph are conclusions of law to which no response is necessary.  To the extent that this paragraph is deemed to contain factual averments to which a response is required, the same are denied.

## COUNT VI
### (Negligence – Failure to Adequately Inspect (Restatement (Second) of Torts §324A))
### Against Defendants Punkin' Chunkin' Association, World Championship Punkin' Chunkin' Inc., Frank Peyton, Frank Shate, Terry Brewster, David Quigley and McCulley, Eastham and Associates, Inc.

145.    This paragraph does not contain any allegations to which a response is required.

146.    It is specifically denied that MEA inspected the equipment at issue immediately before the incident at issue.  After reasonable investigation, Answering Defendant is unable to form a belief as to the truth of the remainder of these allegations.

147.    It is specifically denied that MEA had any responsibility or obligation to inspect the equipment at issue or that it did inspect the equipment at issue immediately before the incident.  After reasonable investigation, Answering Defendant is unable to form a belief as to the truth of the remainder of these allegations.

148.    It is specifically denied that MEA had any responsibility or obligation to inspect the equipment at issue immediately before the incident.  After reasonable investigation, Answering Defendant is unable to form a belief as to the truth of the remainder of these allegations.

149.    It is specifically denied that MEA had any responsibility or obligation to inspect the equipment at issue immediately before the incident.  After reasonable investigation, Answering Defendant is unable to form a belief as to the truth of the remainder of these allegations.

150.    The allegations of this paragraph are conclusions of law to which no response is necessary.  To the extent that this paragraph is deemed to contain factual averments to which a response is required, the same are denied.


## COUNT VII
### (Negligence)
### Against Defendant Discovery Communications, Inc.

151.    This paragraph does not contain any allegations to which a response is required.

152.    The allegations of this paragraph are not directed to Answering Defendant.  To the extent that there are factual allegations to which Answering Defendant must respond, after reasonable investigation, Answering Defendant is unable to form a belief as to the truth of these allegations.

153.    The allegations of this paragraph are not directed to Answering Defendant.  To the extent that there are factual allegations to which Answering Defendant must respond, after reasonable investigation, Answering Defendant is unable to form a belief as to the truth of these allegations.

154.    The allegations of this paragraph are not directed to Answering Defendant.  To the extent that there are factual allegations to which Answering Defendant must respond, after reasonable investigation, Answering Defendant is unable to form a belief as to the truth of these allegations.

155.    The allegations of this paragraph are not directed to Answering Defendant.  To the extent that there are factual allegations to which Answering Defendant must respond, after reasonable investigation, Answering Defendant is unable to form a belief as to the truth of these allegations.

156.   The allegations of this paragraph are not directed to Answering Defendant.  To the extent that there are factual allegations to which Answering Defendant must respond, after reasonable investigation, Answering Defendant is unable to form a belief as to the truth of these allegations.

## COUNT VI
### (Negligence – Failure to Adequately Inspect (Restatement (Second) of Torts §324A))
**Against Defendant State of Delaware & State of Delaware (Department of Natural Resources and Environmental Control)**

157.   This paragraph does not contain any allegations to which a response is required.

158.   The allegations of this paragraph are not directed to Answering Defendant.  To the extent that there are factual allegations to which Answering Defendant must respond, after reasonable investigation, Answering Defendant is unable to form a belief as to the truth of these allegations.

159.   The allegations of this paragraph are not directed to Answering Defendant.  To the extent that there are factual allegations to which Answering Defendant must respond, after reasonable investigation, Answering Defendant is unable to form a belief as to the truth of these allegations.

160.   The allegations of this paragraph are not directed to Answering Defendant.  To the extent that there are factual allegations to which Answering Defendant must respond, after reasonable investigation, Answering Defendant is unable to form a belief as to the truth of these allegations.

161.   The allegations of this paragraph are not directed to Answering Defendant.  To the extent that there are factual allegations to which Answering Defendant must respond, after reasonable investigation, Answering Defendant is unable to form a belief as to the truth of these allegations.

## COUNT VI
### (Gross Negligence)
**Against Defendant State of Delaware & State of Delaware (Department of Natural Resources and Environmental Control)**

162.     This paragraph does not contain any allegations to which a response is required.

163.     The allegations of this paragraph are not directed to Answering Defendant.  To the extent that there are factual allegations to which Answering Defendant must respond, after reasonable investigation, Answering Defendant is unable to form a belief as to the truth of these allegations.

164.     The allegations of this paragraph are not directed to Answering Defendant.  To the extent that there are factual allegations to which Answering Defendant must respond, after reasonable investigation, Answering Defendant is unable to form a belief as to the truth of these allegations.

## COUNT X
### (Negligent Infliction of Emotional Distress)
**Against All Defendants**

165.     This paragraph does not contain any allegations to which a response is required.

166.     The allegations of this paragraph are conclusions of law to which no response is necessary.  To the extent that this paragraph is deemed to contain factual averments to which a response is required, the same are denied.

167.     After reasonable investigation, Answering Defendant is unable to form a belief as to the truth of these allegations.

168.     After reasonable investigation, Answering Defendant is unable to form a belief as to the truth of these allegations.

169.     After reasonable investigation, Answering Defendant is unable to form a belief as to the truth of these allegations.

{00302083.DOCX}

## AFFIRMATIVE DEFENSES

1.      Plaintiff's Complaint fails to state a claim on which relief may be granted against Answering Defendant.

2.      Plaintiff's claims may be barred by the applicable statute of limitations and the doctrine of latches.

3.      Plaintiff's claims may be barred in whole or part by the doctrines of waiver and estoppel.

4.      MEA provided volunteers to act under the sole direction and supervision of the World Championship Punkin' Chunkin' Association.  MEA did not conduct the event, and had no authority or responsibility to dictate any terms of the operation of the event.

5.      Answering Defendant acted in a reasonable, lawful and appropriate manner at all relevant times.

6.      Answering Defendant did not act negligently in any way, and did not breach any standard of care owed to Plaintiff.

7.      Plaintiff has failed to mitigate her damages, if any.

8.      The sole proximate cause of any injury sustained by the plaintiff was caused in whole or in part by the conduct of other individuals or entities over whom Answering Defendant exercises no control and for whom Answering Defendant bears no responsibility.

9.      MEA did not engage in or participate in any ultra-hazardous activity.

10.      Plaintiff was fully aware of the risks associated with her voluntary participation in the event and assumed all such risks.

11.     On information and belief, Plaintiff voluntarily signed a waiver of all claims for injuries that occurred during the course of the event.

12.     On information and belief, Plaintiff failed to use ordinary care and caution under the circumstances, failed to maintain an appropriate level of awareness and alertness in light of the nature of the event, failed to heed warnings and to maintain a proper lookout during the shooting of the machine in question, which negligence or carelessness caused or contributed to her injuries.  Accordingly, Plaintiff's claims may be barred or reduced pursuant to 10 *De. C. §* 8132.

13.     Defendant reserves the right to assert any and all defenses uncovered through discovery.

WHEREFORE, for all the foregoing reasons, Defendant McCulley Eastham and Associates, Inc. respectfully requests that judgment be entered in its favor and against plaintiff on all counts of Plaintiff's Complaint directed to it and for such other and further relief as this court deems proper.

## CROSS CLAIMS

### CROSS CLAIM COUNT I – BREACH OF CONTRACT
### DEFENDANTS WORLD CHAMPIONSHIP PUNKIN' CHUNKIN' INC. and
### THE PUNKIN CHUNKIN ASSOCIATION

1.     Defendants World Championship Punkin' Chunkin' Inc., and/or the Punkin' Chunkin' Association, operating under the acronym "WCPCA," entered into a contract with MEA pursuant to which MEA agreed to "provide 5 safety professionals for the 2016 event under the direction of the WCPCA."

2.    · The agreement specifically required WCPCA to defend and indemnify MEA for any claims arising from MEA's services under the Agreement and to name Mea as an additional insured on WCPCA's insurance policies for this event.

3.    Specifically, the contract states:

LIABILITY

In no event shall McCulley, Eastham & Associates, Inc. be liable to the WCPCA for any special, indirect, incidental or consequential damages arising out of the services performed hereunder.  In no event shall McCulley, Eastham & Associates, Inc.'s liability under any claim made by the WCPCA exceed the price of the services in respect to which damages are claimed....The WCPCA shall name McCulley, Eastham & Associates, Inc., as additional insured on their policy for this event, and shall be held harmless for any and all acts or damages that results in injury or death, directly or indirectly, or otherwise claimed by any participant, spectator, or any other person, persons, or entity, whomsoever they may be.

4.    WCPCA secured multiple policies of insurance for the 2016 event from various commercial insurers.

5.    · WCPCA failed or refused to have MEA named as an additional insured on the policies of insurance it obtained for the 2016 event.

6.    · MEA notified the carriers of the policies obtained by WCPCA for the 2016 of the claims against it and has tendered its defense and demanded indemnity for this action.

7.    MEA has learned that WCPCA failed to have MEA named on its primary policy of liability insurance, despite its contractual obligation to do so.

8.    On information and belief, WCPCA failed to have MEA named on any of its excess or umbrella policies of liability insurance, despite its contractual obligation to do so.

9.    The WCPCA is also required to hold MEA harmless for all claims and damages arising from the 2016 event.

10.   MEA has tendered its defense and demanded indemnity from the WCPCA for this action.  WCPCA has failed and/or refused to assume MEA's defense in this action or to insure that it will be indemnified and held harmless against plaintiff's claims.

WHEREFORE, for all the foregoing reasons, Defendant McCulley Eastham and Associates, Inc. respectfully requests that judgment be entered in its favor and against Defendants World Championship Punkin' Chunkin' Inc., and the Pinkin' Chunkin' Association for indemnity and contribution in an amount to be determined at trial, and for all of its costs and attorney's fees incurred in this action, and for such other and further relief as this court deems proper.

## CROSS CLAIM COUNT II
## INDEMNITY AND CONTRIBUTION AGAINST ALL CO-DEFENDANTS

11.   MEA incorporates by reference all of its previous answers and Cross claim allegations as though fully set forth herein.

12.   MEA denies that it is liable to the Plaintiff in any way. However, to the extent that MEA is found liable to the plaintiff, then MEA would be entitled to contribution from all other defendants in accordance with 10 *Del. C.* §6301, et. seq., in such proportionate share as their relative degree of fault, if any, which should be determined at trial.

WHEREFORE, for all the foregoing reasons, Defendant McCulley, Eastham and Associates, Inc. respectfully requests that judgment be entered in its favor and against all other Defendants that they are solely liable to Plaintiff or are liable to McCulley, Eastham and Associates, Inc. for indemnity and contribution, including costs and attorney's fees, and for such other and further relief as this Court deems just and proper.

{00302083.DOCX}

## ANSWER TO ALL CROSS CLAIMS

MEA denies every allegations of all cross claims of any defendant that have been filed or that may be filed in the future.

SALMON RICCHEZZA SINGER & TURCHI LLP

/s/  Sally J. Daugherty
Sally J. Daugherty, Esq.
DE Bar 5473
222 Delaware Avenue
11th Floor
Wilmington, DE 19801
Attorney for Defendant McCulley, Eastham
         & Associates, Inc.

Dated:  October 13, 2017

{00302083.DOCX}