## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SUZANNE DAKESSIAN, | : | CASE NO. 1:17-CV-01151 GMS |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| WILLIAM SCHELL, IV; DOMINICK | : | |
| DAFFNER; WORLD CHAMPIONSHIP | : | TRIAL BY JURY OF TWELVE |
| PUNKIN' CHUNKIN' INC.; PUNKIN | : | DEMANDED |
| CHUNKIN ASSOCIATION; FRANK | : | |
| PAYTON; FRANK SHADE; TERRY | : | |
| BEWSTER; DAVID QUIGLEY; | : | |
| MCCULLEY, EASTHAM & ASSOCIATES, | : | |
| INC.; WHEATLEY FARMS, INC.; | : | |
| E. DALE WHEATLEY; JEFFREY T. | : | |
| WHEATLEY; DISCOVERY | : | |
| COMMUNICATIONS, INC.; | : | |
| STATE OF  DELAWARE and the | : | |
| STATE OF DELAWARE (DEPARTMENT | : | |
| OF NATURAL RESOURCES AND | : | |
| ENVIRONMENTALCONTROL), | : | |
| | : | |
| Defendants. | : | |

### ANSWER AND AFFIRMATIVE DEFENSES WITH CROSS-CLAIMS OF DEFENDANTS, WHEATLEY FARMS, INC., E. DALE WHEATLEY AND JEFFREY T. WHEATLEY

Defendants, Wheatley Farms, Inc., E. Dale Wheatley and Jeffrey T. Wheatley (collectively referred to as the "Wheatley Defendants"), by and through their undersigned counsel, hereby respond to the Complaint of Plaintiff Suzanne Dakessian ("Plaintiff"), and asserts their Affirmative Defenses and Cross-Claims as follows:

### AS TO NATURE OF THE ACTION

1.      The averments contained in paragraph 1 constitute conclusions of law to which no response is required.  To the extent a response is deemed required, the Wheatley Defendants aver as follows:  Denied.  It is specifically denied that the Wheatley Defendants failed to exercise

reasonable care in the supervision, management, supervision and control of activities on the property. To the extent that Plaintiff alleges "negligent, grossly negligent and wrongful conduct" on the part of the Wheatley Defendants, such allegations are denied. By way of further response, the Wheatley Defendants have no knowledge or means of ascertaining the truth or falsity of the averments respecting the injuries, sufferings, and/or damages alleged to have been sustained by Plaintiff and the same are accordingly denied. The remaining allegations in paragraph 1 are directed to defendants other than the Wheatley Defendants. The Wheatley Defendants are therefore advised that no further answer is required to the averments contained herein.

### AS TO PARTIES

2.      Admitted, upon information and belief.

3.      Admitted in part; denied in part. It is admitted only that Plaintiff attended the 2016 Punkin' Chunkin' competition in Bridgeville, Delaware as a member of the media documenting the event for a television-media production company. As to the remaining allegations in paragraph 3, the Wheatley Defendants have no knowledge or means of ascertaining the truth or falsity of the averments respecting the injuries, sufferings, and/or damages alleged to have been sustained by Plaintiff and the same are accordingly denied.

4. – 36. Denied. The allegations in paragraphs 4 through 36 are directed to defendants other than the Wheatley Defendants. The Wheatley Defendants are therefore advised that no further answer is required to the averments contained therein.

37.      Admitted.

38.      Admitted in part; denied in part. It is admitted that Wheatley Farms, Inc. is in the business of being a crop farm. It is further admitted that pursuant to the Punkin' Chunkin' Lease Agreement, the premises located at 19115 Freeland Lane, Bridgeville, Delaware 19933 was

leased to World Championship Punkin' Chunkin' Association to host the 2016 Punkin' Chunkin' competition.   Any remaining allegations in paragraph 38 are denied.

39.     Admitted in part; denied in part.  It is admitted only that Wheatley Farms, Inc. transacts, solicits and conducts business in Delaware.  It is denied that Wheatley Farms, Inc. derives substantial revenue from such business.

40.     Admitted.

41.     Admitted.

42.     Admitted.

43.     Denied.   It is admitted only that Dale Wheatley is a shareholder of Wheatley Farms, Inc.

44.     Denied.  During the 2016 Punkin' Chunkin' competition and pursuant to the Punkin' Chunkin' Lease Agreement, the premises located at located at 19115 Freeland Lane, Bridgeville, Delaware 19933 was possessed and/or controlled by World Championship Punkin' Chunkin' Association.  During the 2016 Punkin' Chunkin' competition, World Championship Punkin' Chunkin' Association was responsible for providing supervision and control of activities on the premises located at 19115 Freeland Lane, Bridgeville, Delaware 19933.  Any remaining allegations in paragraph 44 are denied.

45.     Admitted.

46.     Admitted.

47.     Denied.   It is admitted only that Jeffery T. Wheatley is a shareholder of Wheatley Farms, Inc.

48.     Denied.  During the 2016 Punkin' Chunkin competition and pursuant to the Punkin' Chunkin' Lease Agreement, the premises located at 19115 Freeland Lane, Bridgeville,

Delaware 19933 was possessed and/or controlled by World Championship Punkin' Chunkin' Association.  During the 2016 Punkin' Chunkin' competition, World Championship Punkin' Chunkin' Association was responsible for providing supervision and control of activities on the premises located at 19115 Freeland Lane, Bridgeville, Delaware 19933.  Any remaining allegations in paragraph 48 are denied.

49.     Admitted.

50. – 60.  The allegations in paragraphs 50 through 60 are directed to defendants other than the Wheatley Defendants.  The Wheatley Defendants are therefore advised that no further answer is required to the averments contained herein.

## AS TO JURISDICTION AND VENUE

61.     The averments contained in paragraph 61 constitute conclusions of law to which no response is required.  To the extent a response is deemed required, the Wheatley Defendants aver as follows:  Denied.

62. – 65.  The averments contained in paragraphs 62, 63, 64 and 65 constitute conclusions of law to which no response is required.  To the extent a response is deemed required, the Wheatley Defendants aver as follows:  Denied.

66.     Admitted in part; denied in part.  It is admitted only that Wheatley Farms, Inc. transacts, solicits and conducts business in Delaware.  It is denied that Wheatley Farms, Inc. derives substantial revenue from such business.  The remaining allegations in paragraph 66 are directed to defendants other than the Wheatley Defendants.  The Wheatley Defendants are therefore advised that no further answer is required to the averments contained herein.

67.     It is admitted only that the Wheatley Defendants conduct business in the State of Delaware.  The remaining allegations in paragraph 67 are directed to defendants other than the

Wheatley Defendants.  The Wheatley Defendants are therefore advised that no further answer is required to the averments contained herein.

68.     It is admitted only that the Wheatley Defendants expected that their acts would have consequences within the United States of America and in the State of Delaware.  The remaining allegations in paragraph 68 are directed to defendants other than the Wheatley Defendants.  The Wheatley Defendants are therefore advised that no further answer is required to the averments contained herein.

69.     The averments contained in paragraph 69 constitute conclusions of law to which no response is required.  To the extent a response is deemed required, the Wheatley Defendants aver as follows:  Denied.

70.     It is admitted only that the Wheatley Defendants expected that their acts and omissions would have consequences within the United States of America and in the State of Delaware.  The remaining allegations in paragraph 70 are directed to defendants other than the Wheatley Defendants.  The Wheatley Defendants are therefore advised that no further answer is required to the averments contained herein.

71.     Admitted.

## AS TO FACTUAL BACKGROUND

72.     Admitted.

73.     Admitted only that the Competition was held at the Wheatley Farms owned by Wheatley Farms, Inc.  The remainder of the allegations contained herein are denied.

74.     Admitted in part; denied in part.  It is admitted only that the Punkin' Chunkin' World Championship was held on November 4, 2016 to November 6, 2016.  After reasonable investigation, the Wheatley Defendants are without knowledge or information sufficient to form

a belief as to the truth of the remaining averments in paragraph 74 and the same are accordingly denied.

75.    Denied.  After reasonable investigation, the Wheatley Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 75 and sub-paragraphs (a.) through (d.) and the same are accordingly denied.

76.    Admitted.

77.    Denied.  After reasonable investigation, the Wheatley Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 77 and the same are accordingly denied.

78.    Denied.  After reasonable investigation, the Wheatley Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 78, or the veracity of the photograph, and the same are accordingly denied.

79.    Denied.  After reasonable investigation, the Wheatley Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 79 and the same are accordingly denied.

80.    Denied.  After reasonable investigation, the Wheatley Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 80 and the same are accordingly denied.

81.    Denied.  After reasonable investigation, the Wheatley Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 81 and the same are accordingly denied.

82.    The averments in paragraph 82 appear to describe Delaware statute 7 Del. C. § 7401B(b) and contains no factual allegations that require a response.

83.     Denied.  After reasonable investigation, the Wheatley Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 83 and the same are accordingly denied.

84.     Denied.  After reasonable investigation, the Wheatley Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 84 and the same are accordingly denied.

85.     Denied.  After reasonable investigation, the Wheatley Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 85 and the same are accordingly denied.

86.     Denied.  After reasonable investigation, the Wheatley Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 86 and the same are accordingly denied.

87.     Denied.  After reasonable investigation, the Wheatley Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 87, or the veracity of the photographs, and the same are accordingly denied.

88.     Denied.  After reasonable investigation, the Wheatley Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 88, or the veracity of the photograph, and the same are accordingly denied.

89.     Denied.  After reasonable investigation, the Wheatley Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 89 and the same are accordingly denied.

90.     Denied.  After reasonable investigation, the Wheatley Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 90 and the same are accordingly denied.

91.     Denied.  After reasonable investigation, the Wheatley Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 91 and the same are accordingly denied.

92.     Denied.  After reasonable investigation, the Wheatley Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 92 and the same are accordingly denied.

93.     Admitted.

94.     Denied.  After reasonable investigation, the Wheatley Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 94 and the same are accordingly denied.

95.     Admitted in part; denied in part.  It is admitted only on November 6, 2016, a piece of the air gun named the "Pumpkin Reaper" detached and flew off.  After reasonable investigation, the Wheatley Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraph 95 and the same are accordingly denied.

96.     Admitted in part; denied in part.  It is admitted only that on November 6, 2016, a piece of the air gun named the "Pumpkin Reaper" struck Plaintiff.  After reasonable investigation, the Wheatley Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraph 96 and the same are accordingly denied.

97.     Denied.  After reasonable investigation, the Wheatley Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 97, or the veracity of the photograph, and the same are accordingly denied.

98.     Denied.  After reasonable investigation, the Wheatley Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraph 98 and the same are accordingly denied.

99.     Denied.  After reasonable investigation, the Wheatley Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 99 and the same are accordingly denied.

100.    Denied.  After reasonable investigation, the Wheatley Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 100 and the same are accordingly denied.

101.    Admitted, upon information and belief.

102.    The averments contained in paragraph 102 constitute conclusions of law to which no response is required.  To the extent a response is deemed required, the Wheatley Defendants aver as follows:  Denied.  It is specifically denied that the Wheatley Defendants were in any way negligent.  By way of further response, the Wheatley Defendants have no knowledge or means of ascertaining the truth or falsity of the averments respecting the injuries, sufferings, and/or damages alleged to have been sustained by Plaintiff and the same are accordingly denied.  The remaining allegations in paragraph 102 are directed to defendants other than the Wheatley Defendants.  The Wheatley Defendants are therefore advised that no further answer is required to the averments contained herein.

103.    Denied.  The Wheatley Defendants have no knowledge or means of ascertaining the truth or falsity of the averments respecting the injuries, sufferings, and/or damages alleged to have been sustained by Plaintiff and the same are accordingly denied.

104.    Denied.  The Wheatley Defendants have no knowledge or means of ascertaining the truth or falsity of the averments respecting the injuries, sufferings, and/or damages alleged to have been sustained by Plaintiff and the same are accordingly denied.

105.    The averments contained in paragraph 105 constitute conclusions of law to which no response is required.  To the extent a response is deemed required, the Wheatley Defendants aver as follows:  Denied. The Wheatley Defendants have no knowledge or means of ascertaining the truth or falsity of the averments respecting the injuries, sufferings, and/or damages alleged to have been sustained by Plaintiff and the same are accordingly denied.

106.    Denied.  The Wheatley Defendants have no knowledge or means of ascertaining the truth or falsity of the averments respecting the injuries, sufferings, and/or damages alleged to have been sustained by Plaintiff and the same are accordingly denied.

## AS TO COUNT I – NEGLIGENCE
## AGAINST DEFENDANTS WILLIAM SCHELL AND DOMINICK DAFFNER

107.    The Wheatley Defendants hereby incorporate the responses to paragraphs 1 through 106 herein by reference.

108.    The allegations in paragraph 108 are directed to defendants other than the Wheatley Defendants.  The Wheatley Defendants are therefore advised that no further answer is required to the averments contained herein.

109.    The allegations in paragraph 109 are directed to defendants other than the Wheatley Defendants.  The Wheatley Defendants are therefore advised that no further answer is required to the averments contained herein.

110.    The allegations in paragraph 110 and sub-paragraphs (a.) through (h.) are directed to defendants other than the Wheatley Defendants.  The Wheatley Defendants are therefore advised that no further answer is required to the averments contained herein.

111.    The allegations in paragraph 111 and sub-paragraphs (a.) through (c.) are directed to defendants other than the Wheatley Defendants.  The Wheatley Defendants are therefore advised that no further answer is required to the averments contained herein.

112.    The allegations in paragraph 112 are directed to defendants other than the Wheatley Defendants.  The Wheatley Defendants are therefore advised that no further answer is required to the averments contained herein.

**AS TO COUNT II – STRICT LIABILITY AND ULTRAHAZARDOUS ACTIVITY AGAINST DEFENDANTS WILLIAM SCHELL, DOMINICK DAFFNER, WHEATLEY FARMS, INC., E. DALE WHEATLEY, JEFFREY T. WHEATLEY, PUNKIN'CHUNKIN' ASSOCIATION, WORLD CHAMPIONSHIP PUNKIN' CHUNKIN' INC., FRANK PEYTON, FRANK SHADE, TERRY BREWSTER, DAVID QUIGLEY, MCCULLEY, EASTHAM AND ASSOCIATES, INC. AND DISCOVERY COMMUNICATIONS, INC.**

113.    The Wheatley Defendants hereby incorporate the responses to paragraphs 1 through 112 herein by reference.

114.    Denied.  During the 2016 Punkin' Chunkin' competition and pursuant to the Punkin' Chunkin' Lease Agreement, the premises located at 19115 Freeland Lane, Bridgeville, Delaware 19933 was possessed and/or controlled by World Championship Punkin' Chunkin' Association.  It was World Championship Punkin' Chunkin' Association's duty to keep and maintain the premises in a reasonably safe condition and if there was any ultra-hazardous conduct or inherently and extraordinarily dangerous activity thereon, it was due to its carelessness and negligence.  The remaining allegations in paragraph 114 are directed to defendants other than the Wheatley Defendants.  The Wheatley Defendants are therefore advised that no further answer is required to the averments contained herein.

115.     The averments contained in paragraph 115 constitute conclusions of law to which no response is required.  To the extent a response is deemed required, the Wheatley Defendants aver as follows:  Denied.

116.     The averments contained in paragraph 116 constitute conclusions of law to which no response is required.  To the extent a response is deemed required, the Wheatley Defendants aver as follows:  Denied.  During the 2016 Punkin' Chunkin' competition and pursuant to the Punkin' Chunkin' Lease Agreement, the premises located at 19115 Freeland Lane, Bridgeville, Delaware 19933 was possessed and/or controlled by World Championship Punkin' Chunkin' Association.  It was World Championship Punkin' Chunkin' Association's duty to keep and maintain the premises in a reasonably safe condition and if there was any ultra-hazardous conduct or inherently and extraordinarily dangerous activity thereon, it was due to its carelessness and negligence.  By way of further response, the Wheatley Defendants have no knowledge or means of ascertaining the truth or falsity of the averments respecting the injuries, sufferings, and/or damages alleged to have been sustained by Plaintiff and the same are accordingly denied.  The remaining allegations in paragraph 116 are directed to defendants other than the Wheatley Defendants.  The Wheatley Defendants are therefore advised that no further answer is required to the averments contained herein.

## AS TO COUNT III – NEGLIGENCE PER SE
## AGAINST DEFENDANTS WILLIAM SCHELL AND DOMINICK DAFFNER

117.     The Wheatley Defendants hereby incorporate the responses to paragraphs 1 through 116 herein by reference.

118.     The averments in paragraph 118 appear to describe Delaware criminal statute 11 Del. C. § 1145 and contains no factual allegations that require a response.

119.     The averments contained in paragraph 119 constitute conclusions of law to which no response is required.  To the extent a response is deemed required, the Wheatley Defendants aver as follows:  Denied.

120.     The averments in paragraph 120 appear to describe Delaware criminal statute 11 Del. C. § 1145 and contains no factual allegations that require a response.

121. – 122.  The averments contained in paragraphs 121 - 122 constitute conclusions of law to which no response is required.  To the extent a response is deemed required, the Wheatley Defendants aver as follows:  Denied.

## COUNT IV – NEGLIGENCE/PREMISES LIABILITY
## AS TO DEFENDANTS WHEATLEY FARMS, INC., E. DALE WHEATLEY, AND JEFFREY T. WHEATLEY

123.     The Wheatley Defendants hereby incorporate the responses to paragraphs 1 through 122 herein by reference.

124.     Admitted in part; denied in part.  It is admitted only that the Wheatley Farms, Inc. is the owner of the premises located at 19115 Freeland Lane, Bridgeville, Delaware 19933.  It is specifically denied that during the 2016 Punkin' Chunkin' competition, the premises located at 19115 Freeland Lane, Bridgeville, Delaware 19933 was in the possession of the Wheatley Defendants.  To the contrary, during the 2016 Punkin' Chunkin' competition and pursuant to the Punkin' Chunkin' Lease Agreement, the premises located at 19115 Freeland Lane, Bridgeville, Delaware 19933 was in the possession of World Championship Punkin' Chunkin' Association.  Any remaining allegations in paragraph 124 are denied.

125.     Admitted in part; denied in part.  It is admitted only that Wheatley Farms, Inc. is the owner of the premises located at 19115 Freeland Lane, Bridgeville, Delaware 19933.  It is specifically denied that during the 2016 Punkin' Chunkin' competition, the premises located at

19115 Freeland Lane, Bridgeville, Delaware 19933 was in the possession of the Wheatley

Defendants.  To the contrary, during the 2016 Punkin' Chunkin' competition and pursuant to the

Punkin' Chunkin' Lease Agreement, the premises located at 19115 Freeland Lane, Bridgeville,

Delaware 19933 was in the possession of World Championship Punkin' Chunkin' Association.

Any remaining allegations in paragraph 125 are denied.

126.    Admitted in part; denied in part.  It is admitted only that Wheatley Farms, Inc. is

the owner of the premises located at 19115 Freeland Lane, Bridgeville, Delaware 19933.  It is

specifically denied that during the 2016 Punkin' Chunkin' competition, the premises located at

19115 Freeland Lane, Bridgeville, Delaware 19933 was in the possession of the Wheatley

Defendants.  To the contrary, during the 2016 Punkin' Chunkin' competition and pursuant to the

Punkin' Chunkin' Lease Agreement, the premises located at 19115 Freeland Lane, Bridgeville,

Delaware 19933 was in the possession of World Championship Punkin' Chunkin' Association.

Any remaining allegations in paragraph 126 are denied.

127.    Admitted in part; denied in part.  It is admitted only that Wheatley Farms, Inc. is

the owner of the premises located at 19115 Freeland Lane, Bridgeville, Delaware 19933.  It is

specifically denied that during the 2016 Punkin' Chunkin' competition, the premises located at

19115 Freeland Lane, Bridgeville, Delaware 19933 was in the possession of the Wheatley

Defendants.  To the contrary, during the 2016 Punkin' Chunkin' competition and pursuant to the

Punkin' Chunkin' Lease Agreement, the premises located at 19115 Freeland Lane, Bridgeville,

Delaware 19933 was in the possession of World Championship Punkin' Chunkin' Association.

Any remaining allegations in paragraph 127 are denied.

128.    Admitted in part; denied in part.  It is admitted only that Wheatley Farms, Inc. is

the owner of the premises located at 19115 Freeland Lane, Bridgeville, Delaware 19933.  It is

specifically denied that during the 2016 Punkin' Chunkin' competition, the premises located at 19115 Freeland Lane, Bridgeville, Delaware 19933 was in the possession of the Wheatley Defendants.  To the contrary, during the 2016 Punkin' Chunkin' competition and pursuant to the Punkin' Chunkin' Lease Agreement, the premises located at 19115 Freeland Lane, Bridgeville, Delaware 19933 was in the possession of World Championship Punkin' Chunkin' Association. Any remaining allegations in paragraph 128 are denied.

129.      Admitted in part; denied in part.  It is admitted only that Wheatley Farms, Inc. is the owner of the premises located at 19115 Freeland Lane, Bridgeville, Delaware 19933.  It is specifically denied that during the 2016 Punkin' Chunkin' competition, the premises located at 19115 Freeland Lane, Bridgeville, Delaware 19933 was in the possession of the Wheatley Defendants.  To the contrary, during the 2016 Punkin' Chunkin' competition and pursuant to the Punkin' Chunkin' Lease Agreement, the premises located at 19115 Freeland Lane, Bridgeville, Delaware 19933 was in the possession of World Championship Punkin' Chunkin' Association. Any remaining allegations in paragraph 129 are denied.

130.      Admitted in part; denied in part.  It is admitted only that Wheatley Farms, Inc. is the owner of the premises located at 19115 Freeland Lane, Bridgeville, Delaware 19933.   It is specifically denied that during the 2016 Punkin' Chunkin' competition, the premises located at 19115 Freeland Lane, Bridgeville, Delaware 19933 was supervised by the Wheatley Defendants. To the contrary, during the 2016 Punkin' Chunkin' competition and pursuant to the Punkin' Chunkin' Lease Agreement, the premises located at 19115 Freeland Lane, Bridgeville, Delaware 19933 was supervised by World Championship Punkin' Chunkin' Association.  Any remaining allegations in paragraph 130 are denied.

131.     Admitted in part; denied in part.  It is admitted only that Wheatley Farms, Inc. is the owner of the premises located at 19115 Freeland Lane, Bridgeville, Delaware 19933.  It is denied that during the 2016 Punkin' Chunkin' competition, the premises located at 19115 Freeland Lane, Bridgeville, Delaware 19933 was operated, managed, maintained, supervised and in the charge and control of the Wheatley Defendants.  To the contrary, during the 2016 Punkin' Chunkin' competition and pursuant to the Punkin' Chunkin' Lease Agreement, the premises located at 19115 Freeland Lane, Bridgeville, Delaware 19933 was operated, managed, maintained, supervised and in the charge and control of World Championship Punkin' Chunkin' Association.  By way of further response, all averments of agency are denied.  The Plaintiff has not indicated the identity of any person alleged to have been an agent, workman, servant or employee of the Wheatley Defendants and therefore, the averments must be denied.  Any remaining allegations in paragraph 131 are denied.

132.     The averments contained in paragraph 132 constitute conclusions of law to which no response is required.  To the extent a response is deemed required, the Wheatley Defendants aver as follows:  Denied.

133.     Denied.  During the 2016 Punkin' Chunkin' competition and pursuant to the Punkin' Chunkin' Lease Agreement, the premises located at 19115 Freeland Lane, Bridgeville, Delaware 19933 was possessed and/or controlled by World Championship Punkin' Chunkin' Association.  It was World Championship Punkin' Chunkin' Association's duty to ensure that the premises and the activities thereon were managed and maintained in a reasonably safe condition for all persons lawfully thereon.  Any remaining allegations in paragraph 133 are denied.

134.    Denied.  During the 2016 Punkin' Chunkin' competition and pursuant to the Punkin' Chunkin' Lease Agreement, the premises located at 19115 Freeland Lane, Bridgeville, Delaware 19933 was possessed and/or controlled by World Championship Punkin' Chunkin' Association.  All averments of agency between the Wheatley Defendants and World Championship Punkin' Chunkin' Association are denied.  To the contrary, pursuant to the Punkin' Chunkin' Lease Agreement, there is no joint venture, partnership or agency relationship between the Wheatley Defendants and World Championship Punkin' Chunkin' Association. Any remaining allegations in paragraph 134 are denied.

135.    Denied. During the 2016 Punkin' Chunkin' competition and pursuant to the Punkin' Chunkin' Lease Agreement, the premises 19115 Freeland Lane, Bridgeville, Delaware 19933 was possessed and/or controlled by World Championship Punkin' Chunkin' Association. World Championship Punkin' Chunkin' Association was responsible for injuries caused by defects or conditions it had actual notice of or that could have been discovered by a reasonably prudent person.  Any remaining allegations in paragraph 135 are denied.

136.    The allegations in paragraph 136 and sub-paragraphs (a.) through (e.) constitute conclusions of law to which no response is required.  To the extent a response is deemed required, the Wheatley Defendants aver as follows:  Denied.

137.    The allegations in paragraph 137 and sub-paragraphs (a.) through (d.) constitute conclusions of law to which no response is required.  To the extent a response is deemed required, the Wheatley Defendants aver as follows:  Denied.

138.    The allegations in paragraph 138 constitute conclusions of law to which no response is required.  To the extent a response is deemed required, the Wheatley Defendants aver as follows:  Denied.  By way of further response, the Wheatley Defendants have no knowledge

or means of ascertaining the truth or falsity of the averments respecting the damages alleged to have been sustained by Plaintiff and the same are accordingly denied.

### AS TO COUNT V – NEGLIGENCE
### AGAINST DEFENDANTS PUNKIN' CHUNKIN' ASSOCIATION, WORLD CHAMPIONSHIP PUNKIN' CHUNKIN' INC., FRANK PEYTON, FRANK SHADE, TERRY BREWSTER, DAVID QUIGLEY, AND MCCULLEY, EASTHAM, AND ASSOCIATES, INC.

139.    The Wheatley Defendants hereby incorporate the responses to paragraphs 1 through 138 herein by reference.

140.    The allegations in paragraph 140 are directed to defendants other than the Wheatley Defendants.  The Wheatley Defendants are therefore advised that no further answer is required to the averments contained herein.

141.    The allegations in paragraph 141 are directed to defendants other than the Wheatley Defendants.  The Wheatley Defendants are therefore advised that no further answer is required to the averments contained herein.

142.    The allegations in paragraph 142 and sub-paragraphs (a.) through (k.) are directed to defendants other than the Wheatley Defendants.  The Wheatley Defendants are therefore advised that no further answer is required to the averments contained herein.

143.    The allegations in paragraph 143 and sub-paragraphs (a.) through (d.) are directed to defendants other than the Wheatley Defendants.  The Wheatley Defendants are therefore advised that no further answer is required to the averments contained herein.

144.    The allegations in paragraph 144 are directed to defendants other than the Wheatley Defendants.  The Wheatley Defendants are therefore advised that no further answer is required to the averments contained herein.

**COUNT IV – NEGLIGENCE – FAILURE TO ADEQUATELY INSPECT
(RESTATEMENT (SECOND) OF TORTS § 324A)
AGAINST DEFENDANTS PUNKIN' CHUNKIN' ASSOCIATION, WORLD
CHAMPOTIONSHIP PUNKIN' CHUNKIN' INC., FRANK PEYTON, FRANK SHADE,
TERRY BREWSTER, DAVID QUIGLEY, AND MCCULLEY, EASTHAM, AND
ASSOCIATES, INC.**

145.    The Wheatley Defendants hereby incorporate the responses to paragraphs 1
through 144 herein by reference.

146.    The allegations in paragraph 146 are directed to defendants other than the
Wheatley Defendants.  The Wheatley Defendants are therefore advised that no further answer is
required to the averments contained herein.

147.    The allegations in paragraph 147 are directed to defendants other than the
Wheatley Defendants.  The Wheatley Defendants are therefore advised that no further answer is
required to the averments contained herein.

148.    The allegations in paragraph 148 and subparagraphs (a.) through (d.) are directed
to defendants other than the Wheatley Defendants.  The Wheatley Defendants are therefore
advised that no further answer is required to the averments contained herein.

149.    The allegations in paragraph 149 are directed to defendants other than the
Wheatley Defendants.  The Wheatley Defendants are therefore advised that no further answer is
required to the averments contained herein.

150.    The allegations in paragraph 150 are directed to defendants other than the
Wheatley Defendants.  The Wheatley Defendants are therefore advised that no further answer is
required to the averments contained herein.

## AS TO COUNT VII – NEGLIGENCE
## AGAINST DEFENDANT DISCOVERY COMMUNICATIONS, INC.

151.    The Wheatley Defendants hereby incorporate the responses to paragraphs 1 through 150 herein by reference.

152.    The allegations in paragraph 152 are directed to defendants other than the Wheatley Defendants.  The Wheatley Defendants are therefore advised that no further answer is required to the averments contained herein.

153.    The allegations in paragraph 153 are directed to defendants other than the Wheatley Defendants.  The Wheatley Defendants are therefore advised that no further answer is required to the averments contained herein.

154.    The allegations in paragraph 154 and sub-paragraphs (a.) through (d.) are directed to defendants other than the Wheatley Defendants.  The Wheatley Defendants are therefore advised that no further answer is required to the averments contained herein.

155.    The allegations in paragraph 155 and sub-paragraphs (a.) through (d.) are directed to defendants other than the Wheatley Defendants.  The Wheatley Defendants are therefore advised that no further answer is required to the averments contained herein.

156.    The allegations in paragraph 156 are directed to defendants other than the Wheatley Defendants.  The Wheatley Defendants are therefore advised that no further answer is required to the averments contained herein.

## AS TO COUNT VIII – NEGLIGENCE – FAILURE TO ADEQUATELY
## INSPECT (RESTATEMENT (SECOND) OF TORTS § 324A))
## AGAINST DEFENDANT STATE OF DELAWARE AND STATE OF DELAWARE
## (DEPARTMENT OF NATURAL RESOURCES AND ENVIRONMENTAL CONTROL)

157.    The Wheatley Defendants hereby incorporate the responses to paragraphs 1 through 156 herein by reference.

20

158.    The allegations in paragraph 158 are directed to defendants other than the Wheatley Defendants.  The Wheatley Defendants are therefore advised that no further answer is required to the averments contained herein.

159.    The allegations in paragraph 159 are directed to defendants other than the Wheatley Defendants.  The Wheatley Defendants are therefore advised that no further answer is required to the averments contained herein.

160.    The allegations in paragraph 160 are directed to defendants other than the Wheatley Defendants.  The Wheatley Defendants are therefore advised that no further answer is required to the averments contained herein.

161.    The allegations in paragraph 161 are directed to defendants other than the Wheatley Defendants.  The Wheatley Defendants are therefore advised that no further answer is required to the averments contained herein.

**COUNT IX – GROSS NEGLIGENCE**
**AGAINST DEFENDANT STATE OF DELAWARE AND STATE OF DELAWARE**
**(DEPARTMENT OF NATURAL RESOURCES AND ENVIRONMENTAL CONTROL)**

162.    The Wheatley Defendants hereby incorporate the responses to paragraphs 1 through 161 herein by reference.

163.    The allegations in paragraph 163 and sub-paragraphs (a.) through (e.) are directed to defendants other than the Wheatley Defendants.  The Wheatley Defendants are therefore advised that no further answer is required to the averments contained herein.

164.    The allegations in paragraph 164 are directed to defendants other than the Wheatley Defendants.  The Wheatley Defendants are therefore advised that no further answer is required to the averments contained herein.

## COUNT X – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
## AGAINST ALL DEFENDANTS

165.    The Wheatley Defendants hereby incorporate the responses to paragraphs 1 through 164 herein by reference.

166. – 169.  The averments contained in paragraphs 166, 167, 168 and 169 constitute conclusions of law to which no response is required.  To the extent a response is deemed required, the Wheatley Defendants aver as follows:  Denied.  It is specifically denied that the Wheatley Defendants were in any way negligent.  After reasonable investigation, the Wheatley Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments set forth in paragraphs 166, 167, 168 and 169 and the same are accordingly denied.   By way of further response, after reasonable investigation, the Wheatley Defendants have no knowledge or means of ascertaining the truth or falsity of the averments respecting the injuries, sufferings, and/or damages alleged to have been sustained by Plaintiff and the same are accordingly denied.

## RELIEF REQUESTED

WHEREFORE, Defendants, Wheatley Farms, Inc., E. Dale Wheatley and Jeffrey T. Wheatley, deny that Plaintiff is entitled to any of the relief set forth in paragraphs 1 through 9 as against the Wheatley Defendants, and respectfully requests judgment in their favor and against Plaintiff, plus cost of suit and any and all further remedies as this Honorable Court deems adequate and just.

## AFFIRMATIVE DEFENSES

The Wheatley Defendants hereby assert the following defenses to Plaintiff's Complaint:

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a cause of action sufficient to support any claim for special damages, punitive damages, interest, costs or attorney's fees against the Wheatley Defendants.

## THIRD AFFIRMATIVE DEFENSE

The Wheatley Defendants assert that Plaintiff is seeking to recover more than Plaintiff is entitled to recover in this case, and award of the judgment sought by the Plaintiff would unjustly enrich the Plaintiff.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff has failed to join indispensable, necessary and proper parties.

## FIFTH AFFIRMATIVE DEFENSE

All allegations of employment and/or agency are specifically denied.

## SIXTH AFFIRMATIVE DEFENSE

If Plaintiff sustained damages as alleged in the Complaint, which is strictly denied, they were caused by the negligent acts or omissions of entities/individuals over which/whom the Wheatley Defendants had no control or legal duty to control.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's causes of action may be barred in whole or in part by the execution of a general release.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims fail to the extent they are barred in whole or in part by the doctrines of accord and satisfaction, payment, release, laches, waiver, estoppel and/or unclean hands.

## NINTH AFFIRMATIVE DEFENSE

If Plaintiff actually sustained the damages, injuries, and losses alleged in the Complaint, such were caused or substantially contributed to by her in that she failed to exercise ordinary care for her own safety and protection under the circumstances.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims against the Wheatley Defendants may be precluded, in whole or in part, by the terms and conditions of the Punkin' Chunkin' Lease Agreement.

## ELEVENTH AFFIRMATIVE DEFENSE

At all times, the Wheatley Defendants acted in a manner which was proper, reasonable, lawful and were not negligent.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's alleged injuries were not proximately caused by the Wheatley Defendant's conduct as alleged in Plaintiff's Complaint.

## THIRTEENTH AFFIRMATIVE DEFENSE

To the extent that the negligence of Plaintiff is greater than the negligence of the Wheatley Defendants, recovery is barred.  Otherwise, any award in favor of Plaintiff must be reduced by her pro rata share of the liability in accordance with 10 Del. C. § 8132.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff may have failed to mitigate her damages.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff assumed the risk of any and all injuries or damages which she is alleged to have suffered.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's own acts constituted a superseding, intervening cause of her damages, injuries, and losses.

## SEVENTEENTH AFFIRMATIVE DEFENSE

The Wheatley Defendant's Punkin' Chunkin' Lease Agreement with World Championship Punkin' Chunkin' Association  limited the Wheatley Defendant's obligations and duties in connection with the 2016 Punkin' Chunkin' competition, none of which caused or contributed to the alleged accident.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are precluded in whole or in part by the provisions of the Delaware Guest Premises Statute, 25 Del. C. 1501.

## NINTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are precluded in whole or in part by the provisions of the Recreational Use Act, 7 Del.C. 5901, et.seq.

## TWENTIETH AFFIRMATIVE DEFENSE

Answering Defendants reserve the right to rely on all additional defenses which become available during discovery or at trial, and to amend and add such additional defenses to this set of defenses as the discovered facts warrant.

WHEREFORE, Defendants, Wheatley Farms, Inc., E. Dale Wheatley and Jeffrey T. Wheatley, respectfully request judgment in their favor and against Plaintiff, plus cost of suit and any and all further remedies as this Honorable Court deems adequate and just.

## CROSS-CLAIM – CONTRACTUAL INDEMNIFICATION
## AGAINST CO-DEFENDANT WORLD CHAMPIONSHIP PUNKIN' CHUNKIN' ASSOCIATION

1.      The Wheatley Defendants hereby incorporate all of the preceding paragraphs as if the same were set forth at length herein.

2.      The Wheatley Defendants and World Championship Punkin' Chunkin' Association had a written lease agreement related to the 2016 Punkin' Chunkin' competition referenced in Plaintiff's Complaint out of which Plaintiff's injuries and/or damages allegedly arise (the "Punkin' Chunkin' Lease Agreement").

3.      Article 12 of the Punkin' Chunkin' Lease Agreement imposes indemnification obligations upon World Championship Punkin' Chunkin' Association  as it relates to any damages which the Wheatley Defendants may be required to pay in this litigation.

4.      The allegations of Plaintiff's Complaint and the indemnity provisions in the Punkin' Chunkin' Lease Agreement require World Championship Punkin' Chunkin' Association to defend the Wheatley Defendants in this lawsuit.

5.      As a result, the Wheatley Defendants hereby demand that World Championship Punkin' Chunkin' Association  indemnify, defend and hold harmless the Wheatley Defendants in connection with this litigation, and that World Championship  Punkin' Chunkin' Association reimburse the Wheatley Defendants for all attorney's fees and litigation costs incurred in the defense of this litigation.  To date, World Championship  Punkin' Chunkin' Association has not agreed to accept this tender.

WHEREFORE, Defendants, Wheatley Farms, Inc., E. Dale Wheatley and Jeffrey T. Wheatley, respectfully requests judgment in their favor and against all parties including judgment against World Championship Punkin' Chunkin' Association for contractual indemnity including attorney's fees, and all costs of defense.

## CROSS-CLAIM – BREACH OF CONTRACT
## AGAINST CO-DEFENDANT WORLD CHAMPIONSHIP PUNKIN' CHUNKIN' ASSOCIATION

6.      The Wheatley Defendants hereby incorporate all of the preceding paragraphs as if the same were set forth at length herein.

7.      Article 13 of the Punkin' Chunkin' Lease Agreement requires World Championship Punkin' Chunkin' Association to obtain liability insurance, and name Wheatley Farms, Inc., E. Dale Wheatley and Jeffrey T. Wheatley as additional insureds.

8.      The claims asserted in Plaintiff's Complaint fall, in whole or in part, within the scope of coverage provided under the insurance which World Championship  Punkin' Chunkin' Association was required to procure on behalf of the Wheatley Defendants pursuant to the Punkin' Chunkin' Lease Agreement.

9.      The Wheatley Defendants have tendered their defense and indemnity to World Championship Punkin' Chunkin' Association, have advised World Championship Punkin' Chunkin' Association to notify its insurance company of this demand and their obligation to defend, indemnify, and hold harmless the Wheatley Defendants in connection with this litigation.

10.      To date, neither World Championship Punkin' Chunkin' Association nor its insurance company has agreed to accept the Wheatley Defendants' tender of their defense and indemnity, in breach of the Lease Agreement.

WHEREFORE, Defendants, Wheatley Farms, Inc., E. Dale Wheatley and Jeffrey T. Wheatley, respectfully request judgment in their favor and against World Championship Punkin' Chunkin' Association for all of Wheatley Farms, Inc., E. Dale Wheatley and Jeffrey T. Wheatley's past and future attorney's fees, other costs of defense, and all indemnity obligations, if any.

## CROSS-CLAIM – CONTRIBUTION AND INDEMNITY AGAINST ALL CO-DEFENDANTS

11.     The Wheatley Defendants hereby incorporate all of the preceding paragraphs as if the same were set forth at length herein.

12.     The Wheatley Defendants deny any liability to the Plaintiff.  If Plaintiff's allegations as to the actions and conduct of the Wheatley Defendants are proven meritorious, then the Wheatley Defendants are entitled to contribution from the Co-Defendants, pursuant to 10 Del. C. § 6302, in that the disproportion of fault among the defendants would render inequitable an equal distribution among them of any common liability by contribution, and, therefore, the relative degrees of fault, if any, should be ascertained in order to determine pro rata shares.

13.     The Wheatley Defendants deny any liability to the Plaintiff.  If Plaintiff's allegations as to the actions and conduct of the Wheatley Defendants are proven meritorious, then the Wheatley Defendants are entitled to indemnification by the Co-Defendants, based on the allegations of negligence on the part of said remaining defendants as set forth in the Complaint.

WHEREFORE, Defendants, Wheatley Farms, Inc., E. Dale Wheatley and Jeffrey T. Wheatley, respectfully request judgement in their favor and that the Court enter a finding that Wheatley Farms, Inc., E. Dale Wheatley and Jeffrey T. Wheatley are entitled to contribution, or, in the alternative, to indemnification, from the Co-Defendants in this action.

REGER RIZZO & DARNALL LLP

*/s/ Louis J. Rizzo, Jr., Esquire*
Louis J. Rizzo, Jr., Esquire (#3374)
Brandywine Plaza East
1523 Concord Pike, Suite 200
Wilmington, DE  19803
(302) 477-7100

*Attorneys for Defendants,*
*Wheatley Farms, Inc., E. Dale Wheatley and Jeffrey T.*
*Wheatley*

Dated:  October 16, 2017

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify on this 16th day of October, 2017 that a copy of Defendants, Wheatley Farms, Inc., E. Dale Wheatley, and Jeffrey T. Wheatley's Answer and Affirmative Defenses with Cross-Claims has been served electronically through PACER upon all counsel of record.

REGER RIZZO & DARNALL LLP

*/s/ Louis J. Rizzo, Jr., Esquire*
Louis J. Rizzo, Jr., Esquire (#3374)
Brandywine Plaza East
1523 Concord Pike, Suite 200
Wilmington, DE  19803
(302) 477-7100

*Attorneys for Defendants,*
*Wheatley Farms, Inc., E. Dale Wheatley and Jeffrey T.*
*Wheatley*

Dated:  October 16, 2017