## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SUZANNE DAKESSIAN, | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO.: 1:17-CV-01151-GMS |
| | ) | |
| v. | ) | JURY TRIAL DEMANDED |
| | ) | |
| WILLIAM SCHELL, IV, DOMINICK | ) | |
| DAFFNER, WORLD CHAMPIONSHIP | ) | |
| PUNKIN' CHUNKIN' INC., PUNKIN | ) | |
| CHUNKIN ASSOCIATION, FRANK | ) | |
| PEYTON, FRANK SHADE, TERRY | ) | |
| BREWSTER, DAVID QUIGLEY, | ) | |
| MCCULLEY, EASTHAM & | ) | |
| ASSOCIATES, INC., WHEATLEY | ) | |
| FARMS, INC., E. DALE WHEATLEY, | ) | |
| JEFFREY T. WHEATLEY, DISCOVERY | ) | |
| COMMUNICATIONS, INC.; STATE OF | ) | |
| DELAWARE; and the STATE OF | ) | |
| DELAWARE (DEPARTMENT OF | ) | |
| NATURAL RESOURCES AND | ) | |
| ENVIRONMENTAL CONTROL); | ) | |
| | ) | |
| Defendants. | ) | |

## JOINT STATUS REPORT

Pursuant to Rule 16, F.R.C.P. 16, D. Del. LR 16.2, and the Court's September 29, 2017

Order Scheduling a Rule 16.2b Scheduling Teleconference, the parties, by and through their

undersigned counsel, jointly submit this Joint Status Report. Counsel for the parties participated

in a telephone conference pursuant to the Notice of Scheduling Conference as required by the

Fed.R.Civ.P.26(f) on October 18, 2017.  Law Offices of Marc S. Albert participated on behalf of

the plaintiff Suzanne Dakessian; Marshall, Dennehey, Warner, Coleman & Goggin participated

on behalf of defendants World Championship Punkin' Chunkin' Inc., Punkin Chunkin

Association, Frank Peyton, Frank Shade, Terry Bewster and David Quigley; Larry W. Fifer,

Esquire participated on behalf of defendants William Schell IV and Dominick Daffner; Reger,

Rizzo & Darnall participated on behalf of defendants Wheatley Farms, Inc., E. Dale Wheatley

and Jeffrey T. Wheatley; Margolis Edelstein participated on behalf of defendant Discovery Communications, Inc.; Salmon, Ricchezza, Singer & Turchi, LLP, participated on behalf of McCulley, Eastham & Associates, Inc. and Deputy Attorney General Ralph K. Durstein III participated on behalf of defendants State of Delaware, and the State of Delaware Department of Natural Resources and Environmental Control.

1. Jurisdiction and Service: The parties agree that the Court has subject matter jurisdiction and that all parties are subject to the court's jurisdiction. No parties remain to be served.

2. Substance of the Action: The plaintiff's claims arise from personal injuries suffered by plaintiff Suzanne Dakessian while working in her capacity as a television producer at the Punkin Chunkin competition and event at Wheatley Farms in Bridgeville, Delaware on November 6, 2016.  At approximately 2:45 p.m. on that date, as the Pumpkin Reaper air gun – which had been manufactured and designed by defendants Schell and Daffner – discharged its final pumpkin of the day, it malfunctioned and an extremely heavy metal trap door flew off of the gun towards the area where the plaintiff and others were standing.  The plaintiff was struck with great force by the door in the head and face.  Plaintiff contends that the injuries suffered, which include but are not limited to brain damage, loss of sight and loss of use of one of her upper extremities, have already necessitated multiple surgical procedures and are both permanent and progressive in nature.

The plaintiff claims that the combined negligence, carelessness and gross negligence of the defendants was the proximate cause of this incident and the tragic injuries suffered by the plaintiff.  In particular, plaintiff claims that the subject incident and the resultant injuries were caused by (a) Defendants William Schell, IV & Dominick

2

Daffner's negligent design, development, manufacture, and testing of a giant pumpkin-launching air gun, (b) Defendants Wheatley Farms, Inc., E. Dale Wheatley, and Jeffrey T. Wheatley's negligent real property ownership in failing to exercise reasonable care in the supervision, management, supervision and control of activities on the property, (c) Defendants Punkin Chunkin Association & World Championship Punkin' Chunkin' Inc. (and its board members Defendant Frank Peyton, Defendant Frank Shade, Defendant Terry Brewster and Defendant David Quigley) and McCulley, Eastham, and Associates, Inc.'s negligence in failing to use in reasonable care in the ownership, operation, management, supervision and control of the 2016 Punkin Chunkin event at Wheatley Farms, their failure to require necessary safety protocols for the event, as well as their negligent failure to provide, among other things, sufficient safety and inspection of Defendant William Schell, IV's giant pumpkin-launching air gun, (d) Defendant Discovery Communications, Inc.'s negligence in the operation, management and control of the subject Punkin Chunkin event, their failure to perform necessary inspections, their failure to require necessary safety protocols for the event and their failure to warn of a dangerous condition, and (e) the State of Delaware and Delaware's Department of Natural Resources and Environmental Control failure to properly test the air tank on Defendant William Schell IV's giant pumpkin-launching air gun which was being used in the presence of thousands of lawful invitees and spectators of the Punkin Chunkin event.

Defendants allege as follows:

The Department of Natural Resources and Environmental Control ("DNREC") conducted a timely, thorough, and proper inspection of the air containment chamber on the Pumpkin Reaper device on September 7, 2016. The pressure vessel or tank

3

passed the inspection, according to standards of the National Board of Boiler and Pressure Vessel Inspectors.  The air containment chamber maintained pressure without failure and contained a pressure relief valve.  The DNREC inspection did <u>not</u> include the barrel of the gun, where the malfunction occurred.  DNREC was <u>not</u> required to inspect or certify the barrel, and did <u>not</u> do so.  After the incident involving the plaintiff, DNREC representatives again viewed the air chamber, and determined that it did <u>not</u> fail.  Rather, the air pressure chamber functioned as intended, permitting the injection of high-pressure air into the barrel of the device. DNREC is entitled to dismissal based on sovereign immunity under the Delaware Tort Claims Act, in that the inspection was a discretionary governmental function, and the State of Delaware did not procure insurance coverage for any risk associated with the inspection.  Further, DNREC is entitled to summary judgment and a finding of no liability, in that there was no lack of care in the inspection, and the pressure vessel functioned properly, and thus could not have been the proximate cause of any injury sustained by the plaintiff.

Defendants, Wheatley Farms, Inc., Dale Wheatley and Jeff Wheatley deny that they owed any duty to the Plaintiff and further deny that they were negligent in any degree.  They further contend that they are entitled to indemnification from the co-defendants, based on the terms of the agreement with the Association defendants and based on common law.  The Wheatley defendants further are protected by the terms of the Guest Premises Statute, The Recreational Use Act and the written waiver documents executed by Plaintiff, by which Plaintiff assumed all risk of injury.

Defendant Discovery Communications, Inc. (Discovery) states that, contrary to plaintiff's contention, it did not operate or have management or control of the event in

{00303153.DOCX}

general or the machine which malfunctioned.  Discovery's wholly owned indirect subsidiary, Discovery Communications, LLC, contracted with an independent third-party production company, Sharp Entertainment, to have the event filmed for broadcast on the Science Channel, and certain employees of Discovery Communications, LLC were present at the event and involved in the filming.  Indeed, plaintiff's Complaint does not allege any fact to demonstrate that Discovery had operated, managed or controlled the event, but merely alleges, in ¶ 51 of the Complaint, that Discovery owns the Science Channel which airs the event.   (The show was actually never aired for the 2016 event.)  Discovery states other defenses in its Answer including that it may have been released by a document executed by Plaintiff.

Defendants William Schell, IV and Dominick Daffner deny that they owed any duty to the Plaintiff and, further, that they were not negligent in any way or to any degree.  They also deny that they were negligent in the design or operation of the air cannon device.  They further contend that they are entitled to indemnification from the other defendants, and that the Plaintiff knowingly and willingly assumed the risks of attending the event at the request of her employer, that she executed a release of liability for all claims and that her own carelessness and recklessness contributed to her injuries.

Defendant, McCulley Eastham & Associates denies that they owed any duty to the Plaintiff and further deny that it was negligent in any manner.  McCulley Eastham & Associates contends that it is entitled to indemnification from the Association based on the terms of its agreement with the Association and that it may be entitled to indemnification from all co-defendants based on common law. McCulley Eastham

contends that it did not exercise management or control of the event, and operated strictly under the direction of the Association.   McCulley Eastham contends that plaintiff knowingly and willingly assumed the risks associated with attending the event, that plaintiff knowingly and willingly executed a release of all claims, and that plaintiff's own carelessness and recklessness contributed to her injuries.

Defendants, World Championship Punkin' Chunkin' Inc., Punkin Chunkin Association, Frank Peyton, Frank Shade, Terry Brewster and David Quigley, deny that they owed any duty to Plaintiff, deny that they were negligent, reckless or wanton in any manner and further deny that any conduct on their part was the proximate cause of the incident or Plaintiff's harm.  They contend further that they acted with due care at all material times.  They also contend that Plaintiff herself was contributorily negligent, contributorily grossly negligent, contributorily reckless and contributorily wanton and assumed all risk of injury voluntarily and knowingly, thereby barring her claims.  In addition, they contend that Plaintiff knowingly and willingly executed a waiver and release of all claims.  Defendants deny that the event in question was an ultra hazardous activity or that they can be strictly liable on that basis.  Defendants assert further that they are entitled to indemnification from Co-Defendants.  They also seek contribution from Co-Defendants.  Defendants, World Championship Punkin' Chunkin' Inc., Punkin Chunkin Association, Frank Peyton, Frank Shade, Terry Brewster and David Quigley, anticipate filing dispositive motions at the close of discovery.

3.  Identification of Issues: The parties are in general agreement on the facts with regard to how the subject incident occurred.  The parties dispute whether any of the defendants were negligent and/or grossly negligent and which, if any, of the

6

defendants are liable for the happening of the subject incident and the injuries sustained by plaintiff as a result.  Was DNREC negligent in its inspection of the air pressure chamber of the device?  Did the air pressure chamber fail during the incident?  Was a defect in the air pressure chamber a proximate cause of the incident?  The Wheatley defendants and the Discovery defendants and Defendants, World Championship Punkin' Chunkin' Inc., Punkin Chunkin Association, Frank Peyton, Frank Shade, Terry Brewster and David Quigley, dispute that they owed any legal duty to the Plaintiff.  McCulley Eastham & Associates and Defendants, World Championship Punkin' Chunkin' Inc., Punkin Chunkin Association, Frank Peyton, Frank Shade, Terry Brewster and David Quigley, dispute that the event was an ultra hazardous activity that would give rise claims based on strict liability.  Are all of Plaintiff's claims barred by Plaintiff's knowing and willing execution of a waiver and release of all claims and by Plaintiff's contributory negligence, contributory gross negligence, contributory recklessness, contributory wantonness and assumption of the risk?

4. Narrowing of Issues: Defendants State of Delaware and Delaware's Department of Natural Resources and Environmental Control intend to submit a motion to dismiss the complaint as against them, based on sovereign immunity.  The parties are not aware of any other issues which may be narrowed by agreement or by motions.  The Wheatley defendants and the Discovery defendants anticipate filing dispositive motions at the close of discovery.

5. Relief: The plaintiff seeks money damages in the sum of $50,000,000.00.  Plaintiff seeks $15,000,000.00 in money damages for past pain and suffering, $15,000,000.00 in future pain and suffering, and $20,000,000.00 in economic damages, including but

7

not limited to past and future medical expenses and past and future lost earnings which were suffered as a result of the subject incident.

6. Amendment of Pleadings: Defendant Discovery may wish to amend its Cross-claim and will determine that within 45 days.  No other parties are currently aware of the need to amend pleadings.

7. Joinder of Parties: The only party of which the parties are currently aware whose joinder may be sought is plaintiff's employer, Sharp Entertainment and/or other entities potentially qualifying as Plaintiff's employer.

8. Discovery:

| Event | Deadline |
|---|---|
| Automatic disclosures | December 11, 2017 |
| Fact discovery | July 27, 2018 |
| Plaintiff's expert reports due | September 27, 2018 |
| Defendant's expert reports due | November 27, 2018 |
| Expert depositions completed | March 27, 2019 |
| Pretrial Order | |
| Pretrial Conference | |
| Trial | |

The parties agreed to mutually permit "clawback" of any privileged or otherwise non-discoverable materials which are inadvertently disclosed.

9. Estimated trial length: The parties estimate that the trial of this action will take approximately 2 weeks.  The parties do not currently believe that it is feasible to bifurcate issues for trial and are not currently aware of any ability to reduce the length

of trial by stipulation, use of summaries or statements or other expedited means of presenting evidence.

10. Jury Trial:  The plaintiff has requested a jury trial in this action.  Defendants, World Championship Punkin' Chunkin' Inc., Punkin Chunkin Association, Frank Peyton, Frank Shade, Terry Brewster and David Quigley, have also requested a jury trial.

11. Settlement: There have not been any settlement discussions by and between the parties to date.  However, the parties do believe that the referral of this matter to the Magistrate for mediation or other ADR mechanism is appropriate.

12. The parties are not currently aware of other matters which would be conducive to the just, speedy and inexpensive determination of this action.

13. The parties have conferred about each of the above matters.

No continuance of the conference will be granted except by Order of the Court upon application by counsel made seven (7) days before the date of the conference supported by a declaration stating the reasons for the request.

_____
UNITED STATES DISTRICT COURT

{00303153.DOCX}