# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SUZANNE DAKESSIAN, | : |
|             Plaintiff, | : |
| v. | : C. A. No. 17-1151-GMS |
| WILLIAM SCHELL IV, DOMINICK DAFFNER, WORLD CHAMPIONSHIP PUNKIN' CHUNKIN' INC., PUNKIN' CHUNKIN' ASSOCIATION, FRANK PEYTON, FRANK SHADE, TERRY BREWSTER, DAVID QUIGLEY, MCCULLEY, EASTHAM & ASSOCIATES, INC., WHEATLEY FARMS, INC., E. DALE WHEATLEY, JEFFREY T. WHEATLEY, DISCOVERY COMMUNICATIONS, INC., STATE OF DELAWARE, and THE STATE OF DELAWARE (DEPARTMENT OF NATURAL RESOURCES AND ENVIRONMENTAL CONTROL), | : |
|             Defendants. | : |

## ORDER

At Wilmington, this **27th** day of **February, 2018**

A teleconference regarding mediation was held on February 23, 2018 regarding the above captioned matter.  As a result, IT IS ORDERED as follows:

    1.  On or before **Friday, May 11, 2018**, each party or each party group shall email to Magistrate Judge Thynge, with a copy to her Judicial Administrator, Cathleen Kennedy, the following information:[1]

---

[1] Plaintiff shall separately address each defendant/defendant group in its response to section 1.  If the date of plaintiff's deposition changes, Kevin J. Connors, Esquire, shall advise Judge Thynge and Ms. Kennedy by email of the new date.

      a. Whether any discussions have occurred between plaintiff and a defendant/defendant group regarding settlement; roughly when those discussions occurred; who was included/involved in those discussions (e.g., principals or party representatives, counsel, etc.); status of the settlement discussions; and, if applicable, the party's understanding why discussions ended, or why they have not occurred. Plaintiff shall address this provision for each defendant or defendant group.

      b. Timing of when a party believes mediation would be most beneficial/productive (e.g., before the end of discovery, after the end of discovery before or after expert reports, etc.) and a brief explanation why. **When referencing events in the scheduling order**, **include dates.**  If a party does not believe mediation would be productive, that party shall so advise with a brief explanation why.

      c. Whether there are additional matters/issues (e.g. indemnity from non-parties, related matters in this or other jurisdictions) of which the court should be aware affecting a party's position on mediation and the timing of mediation.

      d. For each defendant/defendant group who engaged in settlement discussions, including a offer or demand from plaintiff, a summary of its impressions/comments/thoughts regarding plaintiff's proposal for settlement, and defendant's counterproposal.

      e. Whether a party requests follow up teleconference(s) regarding mediation.  Plaintiff shall also identify the defendant(s) with whom it requests a follow up teleconference.  Any follow up teleconferences shall only be between plaintiff and a defendant.  Each defendant shall advise whether it requests the order for any follow up

teleconference not be docketed.

      f. If not included in the header of the email (e.g. the "To" or "CC") sections), counsel are to provide in their respective responsive email submissions the email addresses of those who are to be included or copied on any subsequent responses by the court.

    2. The email responses are confidential and copying other parties in this litigation is not required.

    3. In composing their email submissions, the parties should consider that the purpose for the information ordered is to enable the court to determine whether, when and with whom follow up discussions regarding mediation should occur.

    Local counsel are reminded of their obligations to inform out-of-state counsel of this order. To avoid imposition of sanctions, counsel shall advise the Court immediately of any problems regarding compliance with this Order.

                                       /s/ Mary Pat Thynge
                                       Chief U.S. Magistrate Judge Mary Pat Thynge